UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv132

| | |
|---|---|
| JOSEPH CATONE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHN E. POTTER, )<br>Postmaster General, )<br>      Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6), or, in the alternative, for Summary Judgment pursuant to FED. R. CIV. P. 12(d) and 56 (Document #4), filed December 29, 2008; Defendant's Memorandum in Support (Document #5), also filed December 29, 2008; Plaintiff's Response in Opposition (Document #6), filed January 15, 2009; and Defendant's Reply (Document #7), filed January 16, 2009. This matter is ripe for disposition. For the reasons stated below, the Court will **GRANT** Defendant's motion.

## BACKGROUND

Plaintiff's complaint alleges discrimination in violation of (1) Title VII, 42 U.S.C. § 2000e *et seq.*; (2) the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*; and (3) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. In the motion now before the court, Defendant asserts that these claims are untimely because the complaint was not filed within 90 days of Plaintiff's receipt of notice from the United States Postal Service ("USPS") of its final decision denying Plaintiff's administrative complaint, which contained the same allegations.

Before filing the instant lawsuit, Plaintiff filed an administrative complaint of discrimination

1

with the United States Postal Service Equal Employment Office ("USPS/EEO"). On July 31, 2008, the USPS/EEO issued a final agency decision ("Decision") finding that Plaintiff's complaints lacked merit. Copies of the Decision were mailed to Plaintiff and his counsel in this case. These copies were mailed with "Delivery Confirmation" serial numbers that were recorded upon receipt of the Decision by Plaintiff and his counsel. (Exh. A, Bonilla Declaration; Exh. B.) The Decision itself informed Plaintiff that he had a right to file a civil action in a United States District Court and that the deadline for filing such an action was 90 days from receipt of the Decision. (Exh. A-2.)

The USPS Delivery Confirmation tracking records show that a copy of the Decision was delivered to Plaintiff's counsel on August 4, 2008 and to Plaintiff himself on August 5, 2008. (Exh. B at ¶4.) Plaintiff's complaint was not filed in this Court until November 5, 2008, which would be 93 days after delivery of the Decision to Plaintiff's counsel and 92 days after delivery to Plaintiff if the Defendant's purported dates of receipt are found to be correct. Plaintiff does not seriously contest the dates of receipt in his Response. Instead, he argues that the USPS has provided insufficient proof to establish the date of delivery with the necessary certainty. (Document #6.)

## ANALYSIS

Defendant has styled the current motion as a motion to dismiss, or, in the alternative, as a motion for summary judgment. "It is well settled that district courts may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, allowing them to assess whether genuine issues of material fact do indeed exist." Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). In the present case, the Court finds that such a conversion is appropriate. Defendant has presented materials outside the pleadings for the Court's consideration, and Plaintiff has had ample opportunity to respond to these additional materials. Fed. R. Civ. P. 12(d); Bosiger, 510 F.3d at 450.

Thus, the court finds that Plaintiff will not suffer unfair prejudice as a result of the Court's decision to treat Defendant's motion as one for summary judgment.

In order to be timely, complaints alleging discrimination under Title VII, the ADEA, and the Rehabilitation Act must be filed within 90 days of a plaintiff's receipt of notice of the final agency decision. 42 U.S.C. § 2000e-16(c); Harvey v. City of New Bern Police Dept., 813 F.2d 652 (4th Cir. 1987); Slate v. Potter, 459 F. Supp. 2d 423, 430 (M.D.N.C. 2006) (recognizing that "[c]omplaints of disability discrimination against federal employers are brought under the Rehabilitation Act using procedures applicable to Title VII claims"); 29 C.F.R. § 1614.407 (stating that a "complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file an individual action in an appropriate United States District Court: (a) within 90 days of receipt of the final action on an individual . . . complaint"). Thus, "the right to bring suit . . . is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period." Dixon v. Digital Equip. Corp., 976 F.2d 725, 725 (4th Cir. 1992); see also Harvey, 813 F.2d 652 (holding the same).

Although equitable tolling may in some cases excuse a plaintiff's failure to file within the 90 day period, equitable tolling should be applied "only sparingly," Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990), and only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citation omitted). Plaintiff does not argue that equitable tolling is applicable here, and the Court finds after a thorough review of the record that equitable tolling is not available on the facts of this case.

3

Instead, Plaintiff, citing Woodruff v. Peters, 482 F.3d 521 (D.C. Cir. 2007), contends that USPS Delivery Confirmation records are insufficient to establish with the necessary certainty that the notices were in fact delivered on the dates stated in the USPS records. Plaintiff also contends that this method of proving service is inconsistent with FED. R. CIV. P. 4(l), and he points to the case of Toms v. Hantman, 530 F. Supp. 2d 188 (D.D.C. 2008), as support for this claim. Plaintiff is mistaken on both counts.

First, Woodruff v. Peters is inapposite. Unlike the present case, in that case there was no conclusive evidence as to the exact date when the plaintiff received notice of the final agency decision. Id. at 525. As proof of this date, the defendant in Woodruff relied solely on an allegation in the plaintiff's complaint that he had received the notice "on or about" a date that was 91 days prior to the filing of the plaintiff's suit in district court. Because there was no other evidence that the plaintiff's complaint was untimely filed, the circuit court held that the defendant had not met his burden of proof on the issue. The court in Woodruff reasoned that the allegation in the plaintiff's complaint was not "hard proof" that the plaintiff had in fact received notice on or before the date alleged; the "on or about" phrasing indicated that it was almost equally likely that the plaintiff received notice a day or more after the date alleged. Id. Significantly, the circuit court stressed in that case that there was nothing in the record, such as a return receipt, to show when the plaintiff had received the notice, despite the fact that the letter had been delivered with "return receipt requested." Id.

Comparing these facts to the present case, the lack of hard evidence regarding the date of receipt that prevented application of the 90 day bar in Woodruff is not an issue in this case. Here, Defendant has presented USPS records and two separate declarations that establish clearly and

convincingly that Plaintiff and Plaintiff's counsel both received notice of the final agency decision more than ninety days before Plaintiff's suit was filed in this Court. This evidence is more than sufficient to establish the date of receipt with the requisite certainty.

Plaintiff's reliance on <u>Toms v. Hantman</u> is equally misplaced. In that case, the district court found that service by mail with "return receipt requested" was insufficient to conform to local rules requiring that service of a summons through the post be accomplished by "certified or registered mail." <u>Id.</u> at 191. The distinction between "certified or registered" mail and "return receipt requested" mail is simply not an issue in this case. The notice of the Decision delivered to Plaintiff is not a summons, and it is not required to be delivered in the same manner as a summons. Whether or not "return receipt requested" mail is adequate for service of a summons, it is nonetheless sufficient to prove receipt of the Decision in this case.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant has met his burden and has established that Plaintiff did not file the complaint in this case within 90 days of receipt of notice of the final agency decision.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

Signed: March 22, 2010

Richard L. Voorhees
United States District Judge